UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Levonda Page, | ) | C/A No. 4:16-cv-02820-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| State of South Carolina; | ) | |
| Latta Police Department; | ) | |
| SLED, and | ) | |
| Dillon County Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a pro se litigant. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual Background

Levonda Page ("Plaintiff") seeks to recover in excess of $50,000,000.00 in damages for an allegedly unreasonable search and seizure and for malicious prosecution arising from an arrest and subsequent detention in Dillon County, South Carolina on attempted-murder and related firearm charges. According to Plaintiff, he was detained over one year, but the charges were ultimately dismissed.[1] He sues the State of South Carolina and three different law enforcement agencies, contending that they caused many losses in his life.

---

[1] According to the online records of the Dillon County Clerk of Court, the charges were filed on June 10, 2014 and were disposed of by nolle prosequi on September 30, 2015. *See*

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under

---

http://publicindex.sccourts.org/Dillon/PublicIndex/CaseDetails.aspx?County=17&CourtAgency=17001&Casenum=2014A1720300053&CaseType=C (last consulted Aug. 22, 2016).

this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.     Discussion

Plaintiff's request for damages from the State of South Carolina, SLED (South Carolina Law Enforcement Division), and the Dillon County Sheriff's Office is barred by the Eleventh Amendment to the United States Constitution, which divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. As a state agency, SLED is considered an integral part of the State of South Carolina. *See* S.C. Code Ann. § 23-3-10 (statute creating the agency of SLED); *Fla. Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same); *Laudman v. Padula*, No. 3:12-2382-SB, 2013 WL 5469977, at *7 (D.S.C. Sept. 30, 2013) (dismissing claims against state agency). Also, the United States Court of Appeals for the Fourth Circuit has considered the role of sheriffs in the state of South Carolina and North Carolina and has specifically determined that, in their official capacities, South Carolina's sheriffs are immune from federal lawsuits seeking damages and/or retrospective injunctive relief as agents of the government of South Carolina. *See Cromer v. Brown*, 88 F.3d 1315 (4th Cir. 1996) (South Carolina sheriffs are arms of the state and entitled to Eleventh Amendment immunity from a claims for damages in their official capacity); *Drake v. Ham*, No. 3:06-1611-MJP, 2007 WL 2580629, at * 5 (D.S.C. August 16, 2007) (same); *but see Harter v. Vernon*, 101 F. 3d 334 (4th Cir. 1996) (North Carolina sheriffs are not arms of the state and are not entitled to claim Eleventh Amendment immunity). Thus, a Sheriff's Office such as the Dillon County Sheriff's Office is entitled to Eleventh Amendment immunity.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *Coll. Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978). Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n.9 (1984), a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws, a part of the South Carolina Tort Claims Act, expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (1985) (noting that abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). Accordingly, as a matter of law, Plaintiff may not proceed against the State of South Carolina, SLED, or the Dillon County Sheriff's Office in this court on the allegations set forth in this action.

Additionally, Plaintiff cannot recover damages or other relief from the Latta Police Department because it is not a person subject to liability under 42 U.S.C. § 1983.[2] To state a

---

[2] Plaintiff's Complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using the badges of their authority to deprive

plausible claim for relief under §1983 an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "**person**" acting "under color of state law." 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Additionally, in order to assert a viable § 1983 claim against any particular public official, a causal connection or affirmative link must exist between the conduct of which the plaintiff complains and the official sued. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights). Municipal and county police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. This view is in accord with the majority of courts that have addressed this issue. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163-64 (D. Conn. 2005); *Stump v. Gates*, 777 F. Supp. 808, 815-16 (D. Colo. 1991); *Hoffman v. Hunt*, 845 F. Supp. 340, 344 n.1 (W.D.N.C. 1994); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 825-26 (D.N.J. 1993); *Johnson v. City of Erie*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); *Hall v. Neal*, No. 5:04-CV-65-OC-10GRJ, 2006 WL 462600, at *3 (M.D. Fla. Feb. 27, 2006); *Shilling v. Brush*, No. 4:05-CV-871, 2005 WL 2100707, at *3 (M.D. Pa. Aug. 26, 2005). Because he has failed to name a

---

individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. No other basis for this court's subject-matter jurisdiction is evident from the face of the Complaint.

Defendant that may properly be sued on the allegations in the pleading, Plaintiff's Complaint should be summarily dismissed.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

August 26, 2016                                                            Kaymani D. West
Florence, South Carolina                                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).