UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Levonda Page, ) | Civil Action No.: 4:16-cv-02820-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| State of South Carolina, Latta Police ) | |
| Department, SLED, and Dillon ) | |
| County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Levonda Page, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against the four above-captioned Defendants. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) for the District of South Carolina.[1] *See* R & R, ECF No. 11. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice. R & R at 6. Plaintiff has filed objections to the R & R. *See* ECF No. 15.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**[2]

In his complaint and attached supplemental pleading, Plaintiff claims he was falsely accused of shooting a man (identified as "Lou Allen") on the night of May 9, 2014, on Clara Street in Latta, South Carolina. *See* ECF Nos. 1 & 1-1. Plaintiff alleges police officers came to his home on June 5, 2014, conducted a warrantless search, and arrested him on attempted murder and firearm charges.[3] *See* ECF No. 1-1. He claims he remained in jail for 371 days (from June 5, 2014 to June 11, 2015) until the prosecutor dropped all charges a week before trial.[4] *Id.* Plaintiff seeks monetary damages for alleged

---

[2]     The R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

[3]     Plaintiff indicates another man (a "James McDuffie") was arrested at the same place and time. *Id.* at 1.

[4]     The Magistrate Judge notes that the online records of the Dillon County Clerk of Court indicate the charges were filed on June 10, 2014, and nolle prossed on September 30, 2015. *See* R & R at 1-2 n.1.

violations of his constitutional rights[5] and names the following four defendants: the State of South Carolina, the Latta Police Department, the South Carolina Law Enforcement Division ("SLED"), and the Dillon County Sheriff's Office (collectively, "Defendants" or "the originally named defendants"). *Id.* The Magistrate Judge recommends summarily dismissing this action because Plaintiff has failed to name a defendant that may properly be sued based upon the allegations in his complaint.[6]  R & R at 3-6.

In his objections, Plaintiff does not challenge the Magistrate Judge's finding that he cannot maintain claims against the four named Defendants. Having found no clear error in the R & R, the Court agrees with the Magistrate Judge that these Defendants should be dismissed from this action. *See Diamond*, 416 F.3d at 315 (stating a district court need only review the magistrate judge's R & R for clear error in the absence of specific objections).

Plaintiff does, however, make the following statement in his objections: "My defendants are Lee Hayes Dillon County Solicitor, Derrick Cartwright (Acting Chief) Latta Police Department[,] Andy Bethea Sled Special Agent[,] and Troy Jones Dillon County Sheriff." ECF No. 15. Similarly, in the case caption for his objections, Plaintiff lists Hayes, Cartwright, Bethea, and Jones as the named defendants. *See* ECF No. 15. The Court construes Plaintiff's objections as a motion to amend his complaint to substitute the newly named defendants for the originally named defendants. *See generally Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed pro se is 'to be liberally

---

[5] Plaintiff also appears to allege a claim for deliberate indifference to his serious medical needs regarding the lack of treatment for a spider bite that occurred while he was in custody at the Dillon County Detention Center. *See* ECF No. 1-1 at 2.

[6] Specifically, the Magistrate Judge found that the State of South Carolina, SLED, and the Dillon County Sheriff's Office are entitled to Eleventh Amendment Immunity, and that the Latta Police Department is not a person subject to liability under 42 U.S.C. § 1983. R & R at 3-5.

3

construed'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

"The [C]ourt should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).[7] "[A] request to amend should only be denied if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (internal quotation marks omitted). "[L]eave to amend shall be freely given when justice so requires; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittston Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999) (internal quotation marks omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the supplemental pleading filed with his complaint, Plaintiff makes extensive factual allegations relating to the four defendants—Hayes, Cartwright, Bethea, and Jones—that he names in his objections/motion to amend. *See* ECF No. 1-1. For example, Plaintiff alleges that Hayes (an assistant solicitor) was the prosecutor assigned to his criminal case and kept him in jail for 371 days before dropping all charges a week before trial; that Cartwright (an acting interim police chief) authorized the warrantless search of his home; that Bethea (a SLED special agent) conspired with Cartwright to fabricate a photo lineup and have him arrested; and that Jones (a deputy sheriff[8])

---

[7] Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading requires a responsive pleading, within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) states that for all other amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, the complaint has not been served and no responsive pleadings or motions have been filed, so Rule 15(a)(2) applies. No opposing party has consented to the amendment, so leave of court is required.

[8] Although Plaintiff identifies Jones as "Troy Jones Dillon County Sheriff," *see* ECF No. 15, his supplemental pleading indicates Jones is a deputy sheriff holding the rank of sergeant. ECF No. 1-1 at 2, 4.

4

wrongfully charged him with gun and drug crimes. *See id.* Additionally, on his complaint form, Plaintiff indicates he wishes to sue these newly named defendants: underneath each originally named defendant, he also writes "prosecutor," "acting chief," "special agent," and "Dillon County Sheriff." *See* ECF No. 1 at 2-3.

The Court finds that Plaintiff's proposed amendment would not be prejudicial because no opposing party has been served, and that there is no indication of bad faith on Plaintiff's part. Although his amendment is futile as to Hayes,[9] amendment does not readily appear to be futile as to Cartwright, Bethea, or Jones. Therefore, out of an abundance of caution, **the Court will grant Plaintiff's motion to amend and permit him to substitute <u>Cartwright, Bethea, and Jones</u> as the named defendants in this case**. The Court will recommit this case to the Magistrate Judge for further screening of Plaintiff's complaint and supplemental pleading in light of Plaintiff's newly named defendants. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Civ. Rule 73.02(B)(2)(e) (D.S.C.).

## **Conclusion**

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint and supplemental pleading, the R & R, and Plaintiff's objections/motion to amend. *See* ECF Nos. 1, 11, & 15. The Court hereby adopts and incorporates the R & R [ECF No. 11] by reference and **DISMISSES** the State of South Carolina, the Latta Police Department, SLED, and the Dillon County Sheriff's Office from this action *without prejudice and without issuance and service of process*. The

---

[9]     Throughout his complaint and supplemental pleading, Plaintiff indicates Hayes' alleged misconduct is entirely prosecutorial in nature and associated with the judicial phase of the criminal process. Consequently, Hayes is entitled to absolute immunity from a civil suit for damages under § 1983. *Compare Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) ("A prosecutor enjoys absolute immunity for prosecutorial functions 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976))), *with Buckley v. Fitzsimmons*, 509 U.S. 259, 270-71 (1993) (explaining prosecutors are not entitled to absolute immunity for "acts of investigation or administration," such as "giving legal advice to the police" (internal quotation marks omitted)).

Court **GRANTS** Plaintiff's motion to amend [ECF No. 15] and **DIRECTS** the Clerk of Court to **SUBSTITUTE** Derrick Cartwright, Andy Bethea, and Troy Jones as the named defendants in this case.

The Court **RECOMMITS** this matter to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED.**

Florence, South Carolina                                s/ R. Bryan Harwell
January 12, 2017                                        R. Bryan Harwell
                                                        United States District Judge