UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Levonda Page, | ) | C/A No. 4:16-cv-02820-RBH-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Derrick Cartwright; Andy Bethea, and Troy Jones, | ) | |
| Defendants. | ) | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. On March 10, 2017, this court directed that the Complaint be served on the Defendants listed in this caption of this Order. ECF No. 29. The attempted service on Defendant Andy Bethea by the United States Marshals Service was returned unexecuted on April 14, 2017. ECF No. 40. The other two Defendants were served and have appeared in the case through counsel. ECF Nos. 34, 42.

According to the notations on the returned Form USM-285, the Marshals Service's initial attempt to Defendant Bethea at the address provided by Plaintiff was unsuccessful because "SCDC OGC [Office of General Counsel] cannot accept -- cannot ID as an employee." ECF No. 40. Apparently this means that officials at the South Carolina Department of Corrections indicated that Defendant Bethea is not an employee of that Department and, therefore, they could not accept service on his behalf.

**The providing of sufficient, accurate, and complete information on the Forms USM-285 is the responsibility of Plaintiff**. Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that unless a particular defendant is served within 90 days after the complaint is filed, this court may dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) or its predecessor has uniformly held that dismissal may be entered *unless good cause is shown* if a Defendant is not served within 90 days from the date the summons was issued for that particular Defendant. *See Robinson v. Clipse*, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review); *Vantage, Inc. v. Vantage Travel Serv., Inc.*, No. 6:08-2765-HMH, 2009 WL 735893, at *2-3 (D.S.C. Mar. 20, 2009) (extending the period for service is within the court's discretion). With respect to Defendant Bethea, that date is currently set for June 8, 2017. ECF No. 31.

Accordingly, should he desire to attempt service on Defendant Bethea again, Plaintiff is directed to provide updated service forms with a corrected service address for this Defendant. The new forms should be submitted to the Clerk of Court **on or before June 15, 2017**. One blank summons form and one blank Form USM-285 are being provided for Plaintiff's use.

As previously noted, the time for service may be extended for good cause shown. In this case, because Plaintiff is only now being formally notified of the lack of service and because there is a limited time remaining on the original Rule 4(m) service date, the undersigned, *sua sponte*, finds that good cause for extending the Rule 4(m) time period is shown. The Rule 4(m) period is hereby extended for three months **until September 8, 2017** to provide the pro se Plaintiff and United States Marshal's Service with sufficient time to attempt to effect service on Defendant Bethea should Plaintiff desire to do so.

TO THE CLERK OF COURT:

The Clerk of Court is directed to update the service deadline to show that service on Defendant Bethea is now due on or before September 8, 2017. The Clerk of Court is directed to provide blank service documents to Plaintiff along with his copy of this Order.

IT IS SO ORDERED.

May 25, 2017  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge