UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Levonda Page, | Civil Action No.: 4:16-cv-02820-RBH-KDW |
| Plaintiff, | |
| v. | **ORDER** |
| Derrick Cartwright, Andy Bethea, and Troy Jones, | |
| Defendants. | |

Plaintiff Levonda Page, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends denying Plaintiff's motion for summary judgment, granting Defendant Cartwright's and Defendant Jones' motions for summary judgment, and dismissing them from this case.[1] *See* R & R [ECF No. 101].

**Legal Standards**

**I.    Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). This case is related to *Sampson v. Cartwright*, No. 4:16-cv-02821-RBH-KDW (D.S.C.).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## Discussion[2]

Plaintiff brings this § 1983 action against Defendants Derrick Cartwright, Andy Bethea, and Troy Jones claiming he was falsely accused of shooting a man, which led to him being unlawfully arrested and his home illegally searched. Defendants Cartwright and Jones have answered and filed

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards. As the Magistrate Judge notes, Plaintiff originally sued the State of South Carolina, the Latta Police Department, the South Carolina Law Enforcement Division, and the Dillon County Sheriff's Office. *See* R & R at p. 2. The Court dismissed these defendants and allowed Plaintiff to amend his complaint to substitute Cartwright, Bethea, and Jones as the named defendants in this case. *See* ECF No. 18.

3

motions for summary judgment, and Plaintiff has filed his own motion for summary judgment.[3] *See* ECF Nos. 77, 79, & 80. The Magistrate Judge has entered an R & R recommending that the Court deny Plaintiff's motion, grant Defendant Cartwright's and Defendant Jones' motions, and dismiss these two defendants from this case. *See* ECF No. 101. Notably, the Magistrate Judge sent Plaintiff a "Notice of Right to File Objections to Report and Recommendation" informing Plaintiff that "[o]bjections must specifically identify the portions of the Report and Recommendation to which objections are made ***and the basis for such objections***." ECF No. 101-1 (emphasis added).

Within the time for filing objections,[4] Plaintiff filed a twenty-two page document entitled "Responses to Report and Recommendation" wherein he simply copies verbatim the entire seventeen-page R & R. *See* ECF No. 103. He does not make any specific objections to the Magistrate Judge's proposed findings and recommendations; instead, he simply repeats those findings and recommendations.[5] Consequently, Plaintiff appears to have waived his right to de novo review. *See Diamond*, 416 F.3d at 316 ("[W]hen [the plaintiff] failed to lodge an objection to the magistrate judge's [R & R], she failed to make the 'specific written objection' required to invoke de novo review by the district court. *See* Fed. R. Civ. P. 72(b). . . . In the absence of 'specific written objection,' the district

---

[3] Defendant Bethea was served at a later time and filed an answer on October 19, 2017, *see* ECF Nos. 97 & 98, but he has not yet filed a dispositive motion.

[4] Defendants Cartwright and Jones did not file objections to the R & R.

[5] Plaintiff's only real change to the R & R is his substitution of first-person pronouns wherever the R & R uses the term "Plaintiff." For example, Plaintiff states, "***I*** am proceeding pro se, filed this 42 U.S.C. § 1983 action that Defendants violated ***my*** constitutional rights by illegally searching ***my*** house, arresting ***me*** and falsely imprisoning ***me***." ECF No. 103 at p. 1 (emphases added); *see* R & R at p. 1. Notably, Plaintiff duplicates the Magistrate Judge's recommendation that "Defendant Cartwright's Motion for Summary Judgment, ECF No. 80, and Defendant Jones' Motion for Summary Judgment, ECF No. 79, be granted, and my Motion for Summary Judgment, ECF No. 77, be denied and the case be dismissed against these moving Defendants." *Id.* at p. 22; *see* R & R at p. 17. The Court is mindful that "[a] document filed pro se is 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), but as explained above Plaintiff's mere copying of the R & R does not constitute a specific objection.

4

court was free to adopt the magistrate judge's recommendation . . . without conducting a de novo review, and [the plaintiff] "waive[d] [her] right to an appeal" on that claim." (last two alterations in original)); *Camby*, 718 F.2d at 200 ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

Nevertheless, the Court has conducted a de novo review of the record out of an abundance of caution. As the Magistrate Judge explains, Plaintiff alleges violations of his Fourth Amendment rights and asserts claims under § 1983 for unlawful search and seizure. *See* R & R at p. 12.

The evidence establishes the following undisputed facts.[6] The victim, Lou Allen, was shot multiple times on the night of May 9, 2014, on Clara Street in Latta, South Carolina, and was transported to the hospital. Defendant Cartwright of the Latta Police Department was dispatched to the scene, but nobody there could identify the shooter. As he continued to investigate the crime, Defendant Cartwright was told by informants that Plaintiff and Allen had "a history of problems" relating to the deaths of their relatives,[7] and that Plaintiff was Allen's shooter.

On June 4, 2014, Defendants Cartwright and Bethea (an agent with the South Carolina Law Enforcement Division) visited Allen in the hospital and showed him a six-photo lineup containing Plaintiff's picture. Allen was on a ventilator and could not talk but could write, and upon being shown the lineup, he circled Plaintiff's picture and wrote "V.P." next to it. Additionally, Allen signed a written

---

[6] These facts appear in Plaintiff's complaint and supplemental pleadings, the exhibits submitted in support of Defendant Cartwright's and Jones' motions for summary judgment, and the exhibits submitted in support of Plaintiff's response in opposition. *See* ECF Nos. 1, 1-1, 46, 50, 50-1, 79-2, 79-3, 79-4, 79-5, 79-6, 79-7, 79-8, 80-2, & 90.

[7] Plaintiff indicates Allen had known him for "more than twenty years," ECF No. 86, and his complaint describes their personal history with one another. *See* ECF No. 1-1 at pp. 3, 7–8.

5

statement specifying "the person that shot me is Von Page." Significantly, in his complaint,[8] Plaintiff represents that street informants told police he shot Allen and that Allen "positive[ly] identif[ied] him because his "face looked familiar" to the shooter's. ECF No. 1-1 at p. 3.

The following day (June 5), Defendant Cartwright went before a Latta municipal judge to obtain arrest warrants, and he submitted supporting affidavits that stated Plaintiff shot Allen five times with a 9 mm handgun. Additionally, Defendant Cartwright was placed under oath[9] and presented the municipal judge with the evidence uncovered during his investigation—including Allen's positive identification of Plaintiff. The municipal judge issued three arrest warrants (for attempted murder and two firearm charges), and a state magistrate judge certified the warrants for service in Dillon County. Defendant Cartwright then went before the same magistrate judge to obtain a search warrant for Plaintiff's residence to look for the weapon used in the shooting; Defendant Cartwright submitted an affidavit in support of the search warrant stating that Plaintiff was a fugitive from justice and that a gun was being sought from the premises.[10] Later that day, Defendants Cartwright, Bethea, Jones (a Dillon County Sheriff's Deputy), and other officers went to the South Park area to execute the arrest and search warrants. Officers arrested Plaintiff and searched his residence; they did not find the gun used in the

---

[8] Plaintiff has submitted supplemental pleadings stating "each and every factual allegation[] of my complaint . . . are factual and true under the law of perjury." ECF No. 50-1 at p. 2. Thus, the Court treats Plaintiff's pleadings as a verified complaint, which "is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

[9] *See generally Owens ex rel. Owens v. Lott*, 372 F.3d 267, 278 (4th Cir. 2004) ("[A] magistrate may consider sworn, unrecorded oral testimony in making probable cause determinations during warrant proceedings." (internal quotation marks omitted)); *Law v. S.C. Dep't of Corr.*, 629 S.E.2d 642, 651 (S.C. 2006) (stating that in South Carolina, an arrest "warrant affidavit . . . may be supplemented before a magistrate by sworn oral testimony"). *See also Hall v. State*, 768 S.E.2d 401, 402 (S.C. 2015) (recognizing that both magistrate and municipal court judges can issue arrest warrants).

[10] Defendant Cartwright also obtained a search warrant for Plaintiff's father's residence, where Plaintiff sometimes stayed.

shooting, but did find another gun and drugs. Plaintiff was taken to jail and booked on the charges related to Allen's shooting, and the next day (June 6) he was subsequently served arrest warrants relating to the drugs and gun found in his residence.[11] Plaintiff remained in jail from June 5, 2014, until June 11, 2015, and the prosecutor ultimately dropped the charges.

Plaintiff acknowledges that he was arrested pursuant to warrants and that his home was searched pursuant to a warrant, but he appears to claim those warrants were not supported by probable cause. *See* Pl.'s Resp. in Opp. [ECF Nos. 86 & 90]. The Fourth Amendment protects individuals from unreasonable searches and seizures by the government and requires warrants be issued only upon a finding of probable cause. U.S. Const. amend. IV. "Probable cause exists when the facts and circumstances within an officer's knowledge—or of which he possesses reasonably trustworthy information—are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed." *Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000). "Probable cause is determined by a totality-of-the circumstances approach. While probable cause requires more than bare suspicion, it requires less than that evidence necessary to convict." *Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017) (internal citation and quotation marks omitted). "A court should only consider the information the officers had at the time they sought the warrant. . . . [T]he probable-cause inquiry examine[s] the facts within the knowledge of arresting officers to determine whether they provide a probability on which reasonable and prudent persons would act." *Id.* (alteration in original; internal citation and quotation marks omitted). "The magistrate issuing the search warrant must make

---

[11] On June 12, 2014, Allen provided a second statement that again identified Plaintiff as his shooter. Additionally, public records indicate Plaintiff was indicted on September 18, 2014, for attempted murder and the two firearm charges. *See* Dillon County Public Index, *available at* http://publicindex.sccourts.org/Dillon/PublicIndex (indictments numbered 2014GS1700452, 2014GS1700451, and 2014GS1700453).

7

a practical, common-sense decision whether, given all the circumstances set forth in the affidavit[, that] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Owens*, 372 F.3d at 273 (internal quotation marks omitted); *see also State v. Kinloch*, 767 S.E.2d 153, 155 (S.C. 2014) ("A warrant is supported by probable cause if, given the totality of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place.").[12]

When applying for the arrest warrants, Defendant Cartwright had sufficient information for a reasonable and prudent person to believe there was probable cause that Plaintiff shot Allen—Defendant Cartwright presented the municipal judge with Allen's positive identification made the previous day (from the photo lineup and signed statement) that Plaintiff was the shooter.[13] *See Humbert*, 866 F.3d at 557 ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker."); *Torchinsky v. Siwinski*, 942 F.2d 257, 262 (4th Cir. 1991) ("Indeed, it is difficult to imagine how a police officer could obtain better evidence of probable cause

---

[12] The Court also incorporates by reference the applicable law and well-reasoned analysis set forth on pages 6 through 11 of the R & R. Although not specifically addressed by the Magistrate Judge, the Court notes Plaintiff's unlawful seizure claim should be construed as a malicious prosecution claim. *See Humbert*, 866 F.3d at 555 ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause . . . are considered a § 1983 malicious prosecution claim. . . . To succeed, a plaintiff must show that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in [the] plaintiff's favor." (alterations in original and internal quotation marks omitted)).

[13] Although Plaintiff argues Defendant Cartwright "fabricate[d]" the photo lineup, *see* ECF No. 86 at p. 4, Plaintiff has not submitted any evidence suggesting that the victim's identification was unreliable, that the photo lineup was unduly suggestive, or that Defendant Cartwright made materially false statements or omissions in support of the warrant application. *See Humbert*, 866 F.3d at 555 (explaining what a § 1983 plaintiff asserting an unlawful seizure claim must prove if he was arrested pursuant to a facially valid warrant).
   The Court emphasizes that the validity of Plaintiff's arrest (and search of his residence) does not depend on whether his charges were ultimately dropped; the Court's duty is limited to determining whether the judges issuing the warrants had a legitimate basis for finding probable cause at the time Defendant Cartwright applied for them. *See generally Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted—indeed, for every suspect released.").

than an identification by name of assailants provided by a victim, unless, perchance, the officer were to witness the crime himself."). Likewise, when Defendant Cartwright applied for the search warrant, the magistrate judge (who had certified the arrest warrants) could reasonably conclude there was a fair probability that the gun Plaintiff allegedly used in the shooting would be found at Plaintiff's residence. *See United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993) ("In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." (citing *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978))). In short, Defendants Cartwright and Jones arrested Plaintiff and searched his residence pursuant to facially valid arrest and search warrants supported by probable cause. Accordingly, the Court finds no genuine dispute of material fact exists as to whether probable cause supported the arrest and search warrants obtained by Defendant Cartwright, and therefore summary judgment is proper on Plaintiff's § 1983 claims for unlawful search and seizure.

In sum, the Court agrees with the Magistrate Judge that Defendants Cartwright and Jones are entitled to summary judgment for the following reasons: (1) Plaintiff's § 1983 claims for unlawful search and seizure must be dismissed because (a) officers had probable cause to arrest Plaintiff based on three facially valid arrest warrants as well as the victim's positive identification of Plaintiff as the shooter, and (b) officers executed a facially valid search warrant supported by probable cause; (2) Plaintiff has failed to comply with the minimum pleading requirements of Fed. R. Civ. P. 8(a) regarding any other claims (§ 1983 or otherwise) he may have; (3) Defendant Jones has Eleventh Amendment immunity for claims asserted against him in his official capacity; and (4) Defendants Cartwright and Jones are alternatively entitled to qualified immunity. *See* R & R at pp. 6–16. Accordingly, the Court

will adopt the R & R and dismiss Plaintiff's claims against Defendants Cartwright and Jones.

## Conclusion

For the foregoing reasons, the Court adopts and incorporates by reference Magistrate Judge's the R & R [ECF No. 101]. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment [ECF No. 77], **GRANTS** Defendant Jones' and Defendant Cartwright's motions for summary judgment [ECF Nos. 79 & 80], and **DISMISSES** Defendants Jones and Cartwright from this action *with prejudice*. This case remains pending as to Defendant Bethea.

**IT IS SO ORDERED.**

Florence, South Carolina
February 9, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge